## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## AT KANSAS CITY

| | |
|---|---|
| **JIMMY D. SETTLE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )    **Case No.**  12-cv-2757 EFM/DJW |
| | ) |
| **PIONEER CREDIT** | ) |
| **RECOVERY, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>DEFENDANTS' NOTICE OF REMOVAL</u>

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS, KANSAS CITY:

The Defendants jointly remove this action to the United States District Court for the District of Kansas, at Kansas City, pursuant to 28 U.S.C. §§ 1441 and 1446(a). This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### <u>A. Introduction</u>

1. Plaintiff filed a complaint in the District Court of Wyandotte County, Kansas, Limited Actions Division, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. A copy of Plaintiff's Complaint is attached as Exhibit A.

2. Defendants were served with this lawsuit on or about November 26, 2012.

3. Defendants file this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b).

1

B.  Basis for Removal

4.      Removal in this matter is proper because this case presents a federal question, as

        Plaintiff's allegations are under the Fair Debt Collection Practices Act.  28 U.S.C.

        § 1331; *Sodano v. Discover Fin. Services, Inc.*, CIV S-11-2902 MCE, 2012 WL

        1378497 (E.D. Cal. Apr. 19, 2012).

5.      All pleadings, process, orders, and other filings in the state court action are

        attached to this notice as required by 28 U.S.C. §1446(a).

6.      Venue is proper in this district under 28 U.S.C. §1441(a) because this district and

        division embrace the place where the removed action has been pending.

7.      Defendants will promptly file a Notice of Removal with the clerk of the state

        court where the action has been pending and serve a copy of this Notice on

        Plaintiff.

C.  Jury Demand

8.      Plaintiff demanded a jury in the state court action.

D. Designation

9.      Defendants designate Kansas City as place of trial.

E. Conclusion

10.     Defendants hereby remove this action to the United States District Court for the

        District of Kansas, at Kansas City.

2

This the 3rd day of December, 2012.

Respectfully submitted,
BERMAN & RABIN, P.A.

/s/ Rachel B. Ommerman

---

Rachel B. Ommerman #21868
15280 Metcalf
Overland Park, Kansas  66223
Phone (913) 649-1555
Fax   (913) 652-9474
E-mail: rommerman@bermanrabin.com
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was mailed, via U.S. mail, first class postage prepaid, this 3rd day of December, 2012, to:

Jimmy D. Settle
3125 West 44th Terr
Kansas City, KS 66103
Plaintiff Pro Se

/s/ Rachel B. Ommerman

---

Attorney for Defendants

**IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**
**LIMITED ACTIONS DIVISION**

FILED
2012 NOV 21   AM 11:57
CLERK
WYANDOTTE KANSAS
BY

| | |
|---|---|
| JIMMY D. SETTLE | ) |
|               **Plaintiff** | ) |
| | ) |
| **V** | ) |
| | ) |
| **PIONEER CREDIT RECOVERY INC** | ) |
| **% REGISTERED AGENT > C T CORP SYSTEM** | ) |
| **1200 SOUTH PINE ISLAND ROAD** | ) |
| **PLANTATION FL. 33324** | ) |
| **ASHLEY B., STEPHEN DOE, DANNIE DOE,** | ) |
| **SAM DOE, DANA DOE, KAREN DOE, ASHLEY S.** | ) |
| **ASHLEY M. & JOEY KITIAF, UNIT MANAGER** | ) |
| **All above named individuals acting on behalf** | ) |
| **Of Defendant Pioneer Credit Recovery Inc. in** | ) |
| **their official capacity as Agents, Servants,** | ) |
| **Officers, Shareholders, Debt Collector and/or** | ) |
| **Employee(s)** | ) |
| **197 S.W. Waterford Court** | ) |
| **Lake City FL. 32025** | ) |
| | ) |
|               **Defendants** | ) |

Case No. _____
TRIAL DATE  DEC 3 1 2012
DIVISION NO. 12
CHAPTER 61

## PETITION FOR DAMAGES

1. This is an action brought by an individual consumer, Jimmy D Settle (herein after referred to as Plaintiff) alleging violations of the Fair Debt Collections Act 15 USC 1692 et seq, as amended (FDCPA) against Pioneer Credit Recovery Inc. a debt collector, (herein after referred to as PCR) Ashley B.


EXHIBIT
A
Blumberg No. 5119

(herein after referred to as Ashley B), Steven Doe (herein after referred to as Steven) Danni Doe (herein after referred to as Danni) Sam Doe (herein after referred to as SAM), Dana Doe (herein after referred to as Dana) Karen Doe (herein after referred to as Karen) Ashley S. (herein after referred to as Ashley S.) and Ashley M. (herein after referred to as Ashley M.) and Joey Kitiaf, unit manager of Pioneer Credit Recovery Inc ( herein after KITIAF) for violations of the Fair Debt Collection Practices Act (FDCPA) 15 USC 1692 et seq as amended, The FDCPA prevents debt collectors from engaging in abusive, deceptive and unfair collection practices.

2. Plaintiff at all relevant times is an individual adult consumer, not a business, organization, corporation or other entity within the meaning of the FDCPA as defined by 15 USC $1692a (3) and a citizen of the State of Kansas.

3. Defendants Ashley B., Stephen, Danni, Sam, Dana, Ashley S. and Ashley M. and/or Kitaif individually are natural persons, not a business, organization, corporation or other entity within the meaning of the FDCPA as defined by 15 USC 1692a (3) acting under the direct supervision and control of defendant PCR as an agent, servant, shareholder, manager, supervisor, employee, and/or debt collector.

4. The principal purpose of defendant PCR'S business is the collection of debts already in default by use of the mails and telephone within the meaning of the FDCPA as defined by 15 USC 1692a (6) defendant PCR regularly collects or attempts to collect, directly or indirectly debts owed or due or asserted to be owed to another in the collection of "debts" as defined by 15 USC1692a (5) in the States of Florida and Kansas and PCR has a principal place of business located 197 S.W. Waterford Court, Lake City Florida 33325

5. Defendant PCR as of this date is a registered and licensed company in good standing with the Florida Secretary of State.

## JURISIDICTION AND VENUE

6. Jurisdiction of this court arises under 15 USC 1692k(d) 15 USC 1681p and supplemental jurisdiction exists for state law claims pursuant to 28 USC $1367

7. Venue lies properly in this court pursuant to 28 USC 1391(b) 15 USC 1681p Section $618

3

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

Plaintiff reiterates and incorporates paragraphs one (1) thru seven (7) and any/all unnumbered paragraphs and/or general paragraphs as if fully restated herein;

8. At all pertinent times hereto, Defendant PCR was acting by and through its agents, servants, officers, supervisors, managers, shareholders, debt collectors and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of defendant PCR herein were hired to collect an alleged debt from the plaintiff with the exact  amount unknown, this debt was alleged to be originally owed to Jefferson County Circuit Court the debt, alleged to be for money arising out of transaction(s) in which the money,  property, insurance or services which are the subject of the transaction(s) were primarily for personal, family or household purposes, whether or not such obligation has been reduced to judgment, within the meaning of the FDCPA 15 USC 1692 (a)(5) Defendant PCR'S collection (dun) letter(s) of 06/28/2012, 07/30/2012, 08/27/2012, 09/28/2012 & 10/22/12 satisfies the statue's definition of DEBT

4

relating to the claims of the Jefferson County Circuit Court  (herein after the "debt)

9. Defendant PCR on June 28th 2012 in the initial written communication (dun letter) signed by Kitaif, unit manager for PCR, attempted to collect an alleged debt on behalf of their client, Jefferson County Circuit Court from the plaintiff in the amount of $117.00.

10. Plaintiff on July 2nd 2012 timely in writing disputed this alleged debt in full.

11. Defendant Ashley B. on  July 2nd  2012 in a telephone communication with the plaintiff, attempted to collect a debt in the amount of $117.00 that Ashley B. alleged  plaintiff owed to Defendant PCR'S client Jefferson County Circuit Court, Defendant Ashley B. during this RECORDED call failed to communicate to the plaintiff that "THIS CALL WAS FROM A DEBT COLLECTOR AND THAT ANY INFORMATION OBTAINED WOULD BE USED FOR THAT PURPOSE" therefore  defendant Ashley B. within the meaning of the FDCPA 15 USC 1692e,  violated Section $ 807(11)

12. Defendant Stephen on July 3rd 2012 and again on November 14th 2012 in two separate RECORDED telephone conversations had with the plaintiff, attempted to collect a debt in the amount of $117.00 Stephen alleged that plaintiff owed this amount of $117.00  to PCR'S client Jefferson County

Circuit Court, Stephen also forgot as did Ashley B. during an attempt to collect a debt that he was not only obligated but also legally and lawfully required pursuant to the FDCPA 15 USC 1692e, Section $807 (11) to inform the plaintiff that "THIS CALL WAS FROM A DEBT COLLECTOR AND THAT ANY INFORMATION OBTAINED WOULD BE USED FOR THAT PURPOSE" therefore Steven within the meaning of the FDCPA 15 USC 1692e on two separate occasions violated Section $807(11) Stephen failure to cease collection of the alleged disputed debt prior to the debt having been validated, further violated the FDCPA 15 USC 1692g Section $809(b)

13. Defendant Dannie on July 5th 2012 in a RECORDED telephone communication with the plaintiff informed the plaintiff that "the debt had not been validated yet" Dannie having this information in her possession still made an attempt to collect the "DEBT" of $117.00 from the plaintiff, Dannie's communication, as did Ashley B'S and Stephen failed to comply with the FDCPA 15 USC 1692e Section $807(11) and 15 USC 1692g Section $809(b)

14. Defendant Sam on July 8th 2012 in a RECORDED telephone communication with the plaintiff, confirmed that PCR had received plaintiffs notice of dispute, and advised plaintiff that he would validate the alleged debt by

obtaining a copy of the document certifying that the debt was in fact a legal

debt, Sam further attempted to collect the alleged debt of $117.00 knowing

full well that the debt was disputed and had not yet been certified as being

as legal debt, Sam's communication as did Ashley B, Stephens and Dannie's

failed to comply with the FDCPA 15 USC 1692e Section $ 807(11) and 15

USC 1692g Section 809(b)

15. Defendant PCR on July 10th 2012 in an unsigned written communication

requested that plaintiff provide a __DEATH CERTIFICATE__ to resolve the

matter, plaintiff on July 16th 2012 informed PCR that he was alive and well

and again asked that the alleged debt be validated pursuant to FDCPA 15

USC 1692g Section $809(b)

16. Defendant Sam on July 11th 2012 in a RECORDED telephone communication

with the plaintiff, for a second time informed the plaintiff that PCR had

received his dispute of the alleged debt and would obtain documentation to

certify that the debt was a valid debt,  Sam's communication for the second

time violated the FDCPA 15 USC 1692e Section 807(11) and 15 USC 1692g

Section $809(b)

17. Defendant Dana on July 26th 2012 in a __RECORDED__ telephone communication

with the plaintiff after having attempted to collect the alleged debt in the

7

amount of $117.00 Dana alleged that plaintiff owed to PCR'S client, Dana

then transferred me to a person named Karen at # 117 who was identified

as a supervisor for PCR, Defendant Karen knowing that this was a disputed

debt in the process of being certified as being a legal debt still attempted to

collect the amount of $117.00 from the plaintiff. Dana's and Karan's

communication attempt to collect an uncertified debt the same as Ashley B,

Stephen, Dannie, Sam violated the FDCPA 15 USC 1692e Section $807(11)

and 15 USC 1692g Section 809(b)

18. Defendant PCR on July 30th 2012 in a **SECOND** written communication

signed by Kitaif to the plaintiff alleged in a collection (dun) letter that

plaintiff owed $117.00 to their client, Kitaif acting as a unit manager on

behalf of PCR knowing full well that this alleged debt had never been

certified and Kitaif's further attempt to collect the alleged debt violated the

FDCPA 15 USC 1692e Section $807(11)

19. PCR'S second dun letter of July 30th 2012 signed by Kitaif, unit manager for

PCR alleged that plaintiff was in debt to defendant PCR'S client in the

amount of $117.00  Defendant PCR'S dun letter does not comply with  the

required mandatory language as set forth in the FDCPA 15 USC 1692g

Section $809(a)(3)(4)(5)(b)

Section $809 (a)  " within five days after  the initial communication with a

consumer in connection with the consumer with the collection of any debt,

a debt collector shall send the consumer written notice containing

(3) "a statement that unless the consumer within thirty days after the

receipt of the notice, disputes the validity of the debt, or any portion

thereof, the debt will be assumed to be valid by the debt collector"

(4) "a statement that if the consumer notifies the debt collector in writing

within the thirty day period that the debt or any portion thereof is disputed,

the debt collector will obtain verification of the debt or a copy of a judgment

against the consumer and a copy of such verification or judgment will be

mailed to the consumer by the debt collector" and

(5) "a statement that upon the consumers written request within the thirty

day period, the debt collector will provide the consumer with the name and

address of the original creditor, if different from the current creditor"

(5)(b) "if the consumer notifies the debt collector in writing within the thirty

day period described in subsection (a) that the debt or any portion thereof is

disputed or that the consumer requests the name and address of the

original creditor, the debt collector shall cease collection of the debt, or any

disputed portion thereof until the debt collector obtains verification of  the

9

debt or any copy of a judgment, or the name and address of the original

creditor and a copy of such verification or judgment, or name and address of

the original creditor is mailed to the consumer by the debt collector"

Defendant PCR within the meaning of  the FDCPA 15 USC 1692g has violated

section $809 (a)(3)(4)(5)(b)

20. Defendant Dannie on August 3rd 2012 in a RECORDED telephone

conversation with the plaintiff informed the plaintiff that on July 31st 2012

PCR had made a request on their client to certify the alleged debt, DANNIES

statements were an admission of fact, made on behalf of PCR that the

alleged debt have not been certified and they now were in the process of

certifying the alleged debt,  this communication by Dannie failed to comply

with the FDCPA 15 USC 1692e and therefore violated Section $ 807(11) and

further failed to comply with 15 USC 1692g and therefore violated Section

809(b)

21. Defendant PCR on August 27th 2012 in a written communication signed by

Kitaif served upon plaintiff an identical dun letter as the dun letters dated

06/28/12 & 07/30/12 this dun letter within the meaning of FDCPA 15 USC

1692g violated Section $809(5)(b)

22. Defendant Ashley S. on September 5th 2012 in a RECORDED telephone

conversation informed the plaintiff that PCR was unable to certify the

alleged debt of $117.00 as being valid and further that it was the plaintiffs

responsibility, not PCR'S to have the debt certified and in order for plaintiff

to maybe  obtain certification on this alleged debt, the plaintiff was required

to send a money order in the amount of eight (8) dollars to their client to

obtain verification of the alleged debt,  Ashley S attempt to collect an

uncertified debt within the meaning of the FDCPA 15USC 1692g violated

Section $809(5)(b)

23. Defendant Ashley M. on September 26th 2012 in a RECORDED telephone

communication with the plaintiff in yet another attempt to collect a debt in

the amount of $117.00 Ashley M'S acts were carried out when PCR was well

aware of the true facts that the alleged debt has not yet been certified to be

a valid debt, Ashley M in an attempt to frighten the plaintiff stated that a

"WARRANT" may be issued, her threat to possibly  take this action when it

was not intended to be taken was not only a false representation but also

an implication that plaintiff had committed a crime. Ashley M. within the

meaning of the FDPA 15 USC 1692e violated Section $807(5)(7)(11) and her

acts further violated 15 USC 1692g Section $809(5)(b)

11

24. Defendant PCR on September 28th 2012 in a written communication signed

by Kitaif and served upon the plaintiff yet another identical dun letter (the

fourth) the same ( with the exception of the date) as the previous three, PCR

acts within the meaning of the FDCPA 15 USC 1692g violated Section

$809(5)(b)

25. Defendant Ashley M. on October 12th 2012 in a RECORDED telephone

conversation with the plaintiff made yet another attempt on behalf of PCR'S

client to collect an uncertified debt in the amount $117.00, Ashley M'S

response to plaintiffs inquiry about the validation of the alleged debt

informed plaintiff to send a money order to PCR'S client in the amount of

$8.00 for the debt to be verified, Ashley M'S acts within the meaning of the

FDCPA 15 USC 1692e Section $807(11) and further within the meaning of

the FDCPA 15 USC 1692g violated Section $809(5(b)

26. Defendant PCR on October 22nd 2012 in a written correspondence served

upon the plaintiff a "NOTICE OF NON-COMPLIANCE" letter

id # 20121022217632 this notice set forth several demands:

(a) "payment in full is required to resolve any license suspensions or

warrants issued" this statement within the meaning of the FDCPA 15 USC

1692e violates Section $807 FALSE or Misleading Representations 807(2)

the false representation of— (A) the character, amount or legal status of any

debt or (4) "the representation or implication of any debt will result in the

arrest or imprisonment of any person" or (7) "the false representation or

implication that the consumer committed any crime or other conduct to

disgrace the consumer" or (10) " the use of any false representation or

deceptive means to collect or attempt to collect a debt"

(b) "as of the date of this letter you owe $90.00, (note all 4 of the previous

dun letters were in the amount of $117.00) due to late charges and fees the

amount due on the day you pay may be greater" this statement within the

meaning of the FDCPA 15 USC 1692f violates Section $808 Unfair Practices

(1) "the collection of any amount (including any interest, fee, charge or

expense incidental to the principal obligation) unless such amount is

expressly authorized by the agreement creating the debt or permitted by

law" defendants have never produced any legal documentation authorizing

defendant unlawful and illegal conduct as set forth above.

(c) "if you pay the amount shown above an adjustment may be necessary"

this statement within the meaning of the FDCPA 15 USC 1692f violates

Section 808(1) Unfair Practices see argument 26 (b)

(d) "Please take note, if you make a payment by credit card an additional

charge applies" this statement within the meaning of the FDCPA 15 USC

1692f violates Section $808(1) see argument 26 (b)

27. Defendant Stephen on November 14th 2012 in a RECORDED telephone

communication with the plaintiff again attempted to collect the uncertified

alleged debt of $117.00. Stephen in response to plaintiffs request for

validation of the alleged debt, told plaintiff the only way to obtain validation

of the alleged debt was for plaintiff to send a money order in the amount of

$8.00 to PCR'S client,  Stephens acts within the meaning of the FDCPA 15

USC 1692e violated Section $807(11) and further within the meaning of the

FDCPA 15 USC 1692g violated Section $809(5)(b)

28. Defendant Stephen on November 14th 2012 in a second RECORDED

telephone conversation with the plaintiff confirmed that PCR had added an

additional $27.00 in charges to the original $90.00 demanded in the dun

letter of October 22nd  2012 these acts by PCR within the meaning of the

FDCPA 15 USC 1692e violated Section $808 Unfair Practices (1) see

argument 26(b)

29. Defendant PCR'S five (5) dun letter (06/28/12) (07/30/12) (08/27/12) (09/28/12)

& (10/22/12) failed to state that the total amount due was only the principal

balance and that no other unauthorized, unexplained, unlawful,

undocumented charges had been added to, and were included in the five(5)

dun letters in the amounts of $90.00 & $117.00 PCR  has acted in a false.

fraudulent, deceptive, misleading and unfair manner by misrepresenting the

amount, character and/or legal status of the debt within the meaning of the

FDCPA 15 USC 1692e and therefore their acts have violated Section

$807(2)(a) further defendant PCR has engaged in unfair practices within the

meaning of 15 USC 1692f and has therefore violated Section $808 (1), as the

result of defendant PCR'S conduct described above, plaintiff has suffered

actual damages in the form of (a) out of pocket expenses (b) lost credit

opportunities (c) harm to credit reputation and credit score and (d)

emotional distress.

30. Defendant PCR'S  four (4) dun letters dated (06/28//12) (07/30/12) (08/27/12)

& (09/28/12) wording were identical, (other than the date) none of the four

(4) letters made any attempt to validate the alleged debt and comply with

FDCPA 15 USC 1692 et seq. The four (4) dun letters wording is word for

word the same, none of the four (4) dun letters standing alone meet the

legal requirements of the validation of a debt as set forth in the FDCPA 15

USC 1692g Section $809 et seq.  As of the date of the bringing of plaintiffs

action defendants have never legally and/or lawfully validated this alleged

debt pursuant to the FDCPA 15 USC 1692g Section $ 809 et seq.

31   Despite plaintiffs repeated requests for validation, defendant PCR and/or

any of the above named defendants have ever provided plaintiff with any

documentation providing the dates of the alleged relationship, contractual

or otherwise agreement made between the plaintiff and PCR'S client , with

out the required proof there is no debt.

32   The collection or attempt to collect any amount unless the amount is

expressly authorized by the agreement creating the debt or permitted by

law, within the meaning of the FDCPA 15 USC 1692f violates Section

$808(1) PCR has never provided plaintiff with a copy of the original

agreement authorizing them to add additional charges to the original

alleged debt of $90.00

33   Defendants five (5) dun letters failed to provide any payment due date(s).

34   Defendant PCR'S five (5) dun letters mislead plaintiff about the alleged

amount of $117.00 that plaintiff owed to PCR'S client, not only did the

collection notice not specifically indicate the date as of which the Balance

of $90.00 and/or $117.00 was due, but failed to state that the alleged

balance of $90.00 and/or $117.00 was the full amount of the debt,  it also

was potentially misleading for the "least sophisticated consumer" who could readily conclude that the total amount stated as due $90.00 and/or $117.00 was due at any time, when in fact it was not and was subject to adjustment on a periodic bases.

35   All of the above stated individual defendants during recorded communications with plaintiff on the dates set forth above, in their attempt to collect the unverified "debt" were acting on behalf of the Circuit Clerk's Office For Jefferson County as a custodian of the clerks records and by doing so, made the false, misleading, unfair and deceptive statement(s) that they had "personal knowledge" that the statement of plaintiffs account reveals that the plaintiff on (06/28/2012) (07/30/2012)  (08/27/2102) & (09/28/12) owed a balance of $117.00 to PCR'S client. Defendants have never produced documentation confirming that plaintiff ever owed the alleged "debt" in the amount of either $90.00 and/or $117.00

36   None of the above individually stated defendants have ever had any actual knowledge whether Jimmy D. Settle ever had a violation of a seat belt requirement for the State of Illinois County of Jefferson with a balance of $90.00 and/or $117.00 due and owing on the dates set forth above when all

the above named defendants attempted to collect an alleged unverified and undocumented debt.

37   None of the individual named defendants were ever in physical possession of the books and/or records kept by the State of Illinois, County of Jefferson relating to the alleged debt, none of the individually named defendants have ever had any actual knowledge or information concerning this alleged "debt" yet all the above named individual defendants formed a belief without any investigation or having any legal documented information to form a belief regarding how the State of Illinois, County of Jefferson creates or maintains business books or records to substantiate that plaintiff ever violated the alleged seat belt requirements for the State of Illinois, County of Jefferson.

38   None of the above named individual defendants have ever had any knowledge of how any of the State of Illinois, County of Jefferson records were created, complied, transmitted or selected for transmission by the State of Illinois, County of Jefferson to defendant PCR.

39   All of the above named Defendants have illegal, unlawfully, fraudulently and falsely misrepresented the character, amount, and/or legal status of the alleged debt, therefore within the meaning of the FDCPA 15 USC 1692 et seq

18

have violated Sections $807, $808 & $809, and therefore within the meaning of FDCPA 15 USC 1692k have committed a civil liability within the meaning of Section $813(a)(1)(2) all of the individual defendants acts as alleged in this petition were done under the direction, supervision and control of defendant PCR

40  Defendant PCR'S acts along with their agents, servants officers and/or employees acts as set forth above, were committed maliciously, intentionally willfully, fraudulently recklessly and negligently in total disregard for plaintiffs rights under federal and state law with the purpose of coercing plaintiff to pay the alleged unverified debt in the amount of $90.00 and/or $117.00

Wherefore the reasons set forth above the plaintiff prays for a judgment in an amount to be determined at trial against all of the above name defendants up to but not exceeding Five Thousand Dollars ($5,000.00) each defendant, Plaintiff further prays for his costs and expenses and any other relief that the court deems just, fair and proper.


Demand for a Jury Trial

Kansas City Kansas

Respectfully submitted;

Jimmy D. Settle
3125 West 44th Terr
Kansas City Kansas 66103
913 384 1266
stiffer9999@hotmail.com

19