IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| **JIMMY D. SETTLE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 12-CV-02757 |
| | ) |
| **PIONEER CREDIT** | ) |
| **RECOVERY, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

COMES NOW Defendants Pioneer Credit Recovery, Inc. (individually "PCR"), Ashley B., Stephen Doe, Dannie Doe, Sam Doe, Dana Doe, Karen Doe, Ashley S., Ashley M., and Joey Kitiaf, (hereinafter collectively "PCR"), by and through their counsel of record, Berman & Rabin, P.A., for their Motion for Judgment on the Pleadings, and state as follows:

### INTRODUCTION

Plaintiff received a ticket for a traffic violation, issued by the Jefferson County Circuit Court in Illinois. Plaintiff did not pay his ticket and it was placed with Defendant PCR for collection. Plaintiff alleges that PCR and its employees, the individually named Defendants, did not comply with the Fair Debt Collection Practices Act ("FDCPA") when attempting to collect this obligation. However, because this monetary obligation did not arise from a debt, as that term is defined under the FDCPA, the FDCPA did not apply to PCR's actions, and PCR was not required to comply with it. Therefore, Plaintiff has failed to state a claim and Defendants are entitled to Judgment on the Pleadings in their favor.

## **LEGAL STANDARD**

A party may move for judgment on the pleadings, pursuant to Rule 12(c), after the pleadings are closed. FED. R. CIV. P 12(c). Judgment on the pleadings should be granted when there is no issue of material fact that needs to be resolved and the movant is entitled to judgment as a matter of law. *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012); *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012). The court must accept all well pled factual allegations, but does not have to give any effect to conclusions of law. *McCoy v. City of Independence, KS*, 2012 WL 5987510, *1 (D. Kan. Nov. 29, 2012); *Am. Civil Liberties Union of Kansas & W. Missouri v. Praeger*, 863 F.Supp.2d 1125, 1130 (D. Kan. 2012).

The standard of review on a motion for judgment on the pleadings is the same as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Id.; Rein v. Herrig*, 2012 WL 3834750, *1-2 (D. Kan. Aug. 31, 2012). The complaint must state a claim for relief that is plausible on its face, allowing a court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *McCoy*, 2012 WL 5987510, at *1. To survive a motion to dismiss under Rule 12(b)(6), the complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955 (2007).

In *Twombly*, the Supreme Court upheld a Rule 12(b)(6) dismissal because the complaint did not alleged sufficient facts showing a claim was plausible rather than merely conceivable. *Id.* at 570. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). While a court must accept all *factual allegations* as true, the court does not have to accept *legal*

*conclusions* as true. *Id*. (emphasis added). Furthermore, under Federal Rules of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

## LEGAL ARGUMENT

PCR contacted Plaintiff to collect a debt on an outstanding traffic ticket received by Plaintiff for failure to wear a seat belt. [Exhibit A to PCR's Answer] There is no dispute that the debt PCR was collecting was this traffic ticket. Plaintiff admits in his Petition that PCR was contacting him to collect on this traffic ticket, owed to the Jefferson County Circuit Court. [Plaintiff's Petition, ¶¶ 8, 35-38]

In order for the FDCPA to apply to a debt collector, "the alleged practices must be used in an attempt to collect a 'debt.'" *Graham v. ACS State and Local Solutions, Inc.*, 2006 WL 2911780, *1 (D. Minn. Oct. 10, 2006). "[N]ot all obligations to pay are considered 'debts' subject to the FDCPA." *Mills v. City of Springfield, Mo*, 2010 WL 3526208, *15 (W.D. Mo. Sept. 3, 2010) (*quoting Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370-71 (11th Cir. 1998)). A debt under the FDCPA is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1962a(5).

Every court that has considered this question has determined that a traffic ticket is not a

debt under the FDCPA.  *See Gulley v. Markoff & Krasny*, 664 F.3d 1073, 1075 (7th Cir. 2011) (providing string cite of rulings holding that a traffic ticket is not a debt under the FDCPA and holding that such rulings are correct and finding that fines levied by the City of Chicago were not debts under the FDCPA).  A debt under the FDCPA must arise from a consensual transaction, relating to some type of business dealing or purchase of consumer goods or services.  *Mills*, 2010 WL 35262078, at *15; *Durso v. Summer Brook Pres. Homeowners Ass'n*, 641 F.Supp.2d 1256, 1263 (M.D. Fla. 2008).

PCR was contacting Plaintiff to collect on his unpaid traffic ticket.  A traffic ticket is not a debt under the FDCPA.  *Mills*, 2010 WL 3526208, at *16; *cf. Gulley*, 664 F.3d at 1075 (municipal fines are not debts under the FDCPA); *Graham*, 2006 WL 2911780, at *2 (unpaid parking tickets are not debts under the FDCPA).

Because PCR was not attempting to collect a consumer obligation from Plaintiff, the FDCPA did not apply to PCR and its attempts to collect that debt, and PCR was not obligated to comply with the FDCPA.  *Gulley*, *Mills*, *Durso*, *Graham*, *supra*.  Plaintiff fails to state a claim for relief.  Therefore, PCR, and all of the individual defendants, are entitled to judgment on the pleadings.

## **ATTORNEYS' FEES AND COSTS**

A prevailing party may be awarded its reasonable attorneys' fees and costs in an FDCPA action when the court finds that the lawsuit was brought in bad faith and for the purpose of harassment.  15 U.S.C. § 1692k(3).  While bad faith is not defined in the FDCPA, it has been defined in other areas of the law.  Bad faith is found when a party brings a claim that "is entirely without color *and* has been asserted wantonly, for purpose of harassment or delay, or for other improper reasons."  *F.T.C. v. Freecom Communications, Inc.*, 401 F.3d 1192, 1201 (10th Cir.

2005) (emphasis in original).  A claim is without color when it lacks any legal or factual basis. *Id.* (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 337 (2d Cir. 1999)); *see also Smith v. Argent Mortg. Co.*, 331 Fed. Appx. 549, 559 (10th Cir. 2009) (plaintiffs' FDCPA claim was brought in bad faith when plaintiffs actively litigated for two years and brought no evidence to support their claims at trial); *Glick v. Koenig*, 766 F.2d 265, 270 (7th Cir. 1985) (bad faith is demonstrated when "the suit is so completely without hope of succeeding that the court can infer that the plaintiff brought the suit to harass the defendants rather than to obtain a favorable judgment").

Plaintiff filed this lawsuit against PCR with full knowledge of the fact that PCR was attempting to collect on an unpaid parking ticket.  See Plaintiff's Petition, ¶¶ 8, 35-38; Exhibit A to PCR's Answer.  Plaintiff's Petition demonstrates an understanding of the FDCPA.  Therefore, Plaintiff was, or should have been, fully aware of the fact that the obligation PCR was seeking to collect was not a debt under the FDCPA. Plaintiff could have no other reason to bring this lawsuit than to seek money from PCR, when no violation had occurred.

Plaintiff's claims lacked color as there was no legal or factual basis for his claims. *Freecom Communications, Inc.*, 401 F.3d at 1201.  That alone suggests that the suit was brought to harass PCR, rather than obtain a favorable judgment.  *Glick*, 766 F.2d at 270.  When coupled with the fact that Plaintiff acknowledges that PCR was contacting him about a traffic ticket, and his efforts to cloud the issue by raising claims that are not warranted under the FDCPA even if this were an FDCPA debt (i.e. Plaintiff makes claims regarding whether PCR and its employees have actual knowledge about the ticket and how Jefferson County Circuit Court maintains its records), the inference is even greater that he is seeking to avoid payment on a legitimate obligation and seeking to delay payment by harassing PCR.  Plaintiff acted in bad faith and

harassed PCR by bringing this lawsuit, making him liable to PCR for its costs and attorneys' fees under § 1692k(a)(3).

Additionally, PCR seeks its costs in this matter, pursuant to FED. R. CIV. P. 54(d).  Under Rule 54(d)(1), a prevailing party is allowed to recover its costs from the opposing party.  *Velez v. Portfolio Recovery Assoc., Inc.*, 2012 WL 4711454, * 1-2 (E.D. Mo. Oct. 3, 2012) (granting defendant its costs in removing case after it successfully obtained an order dismissing plaintiff's FDCPA claims.).  Therefore, even if this Court determines that PCR is not entitled to recover its attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), PCR requests that this Court grant it its costs under Rule 54(d)(1).

## CONCLUSION

PCR was not attempting to collect a debt subject to the FDCPA.  All of Plaintiff's claims are based on alleged violations of the FDCPA.  Therefore, PCR is entitled to judgment on the pleadings as there are no circumstances under which Plaintiff can prove any of his allegations.  Further, Plaintiff brought this claim in bad faith and to harass PCR, and PCR is entitled to its costs and attorneys' fees under 15 U.S.C. § 1692k(a)(3) and/or Rule 54(d)(1).

WHEREFORE, PCR and all of the individual Defendants pray that this Court enter Judgment on the Pleadings in their favor, that Plaintiff's Petition be dismissed with prejudice, for their attorney's fees and costs incurred herein pursuant to 15 U.S.C. § 1692k(3), and for such further and other relief as the Court deems just and equitable.

                Respectfully submitted,

                BERMAN & RABIN, P.A.

                _/s/Rachel B. Ommerman_____
                Rachel B. Ommerman #21868
                15280 Metcalf Ave.
                Overland Park, KS 66223

                                T: 913/649-1555
                                F: 913/652-9474
                                rommerman@bermanrabin.com
                                Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was mailed, via U.S. mail, first class postage prepaid, this 14th day of December, 2012, to:

Jimmy D. Settle
3125 West 44th Terr
Kansas City, KS 66103
Plaintiff Pro Se

                                /s/ Rachel B. Ommerman
                                _____
                                Attorney for Defendants